RUSSELL *v.* FRANKLIN.*

(Division B.   Jan. 25, 1926.)

[106 So. 772.   No. 25381.]

PUBLIC LANDS. *State land commissioner's deed held void for indefinite description.*

State land commissioner's deed, purporting to convey lot in city, but which appears to be outside, *held* void as indefinite and not pointing with certainty to any clue which, if followed up by parol testimony, would lead to identification of land as lying in city.

*Corpus Juris-Cyc. References; Public Lands, 32 Cyc., p. 1091, n. 66.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by Mrs. Kate Russell against John Franklin. Judgment for defendant, and plaintiff appeals. Affirmed.

*R. L. Bullard,* for appellant.

The validity of the description was made the basis of objection. The property is shown to be in the county, outside of any town or city, and it is variously objected that property not in a city or town cannot be described and conveyed except by reference to governmental surveys. Upon this ground the court sustained the objec-

tion, holding: (1)   That there is no warranty in law in Mississippi for any subdivision other than by governmental boundaries outside municipalities; (2)   That because the patent is void for the reasons that it is indefinite and does not show what land was conveyed.

It has never been held, and cannot be, that lands outside municipalities can be conveyed only by governmental descriptions.   Any description which identifies land is sufficient, whether that be by the name by which it is known, metes and bounds or by private surveys made and recorded according to legal requirements.   The McInnis Survey is one.   No objection to its introduction was made upon any ground and no question as to its legality was advanced other than that lands outside a town or city cannot be so described.   To argue this would be a waste of time.

The second reason stated by the lower court for excluding the patent would not be without force, perhaps, if it had been offered alone.   It describes the property as "west one-half of lot 8, less a seven foot strip across south end, block one, Dl. E. McInnis Survey, Hattiesburg, of section —, township —, range —, county of Forrest," reference having already been made to "the state of Mississippi."   We have, therefore, a conveyance of "west one-half of lot 8, less a seven foot strip across south end, block one, D. E. McInnis Survey in section —, township —, range —, Forrest county, Mississippi, the section, township and range in which the survey is located being left blank.   If it should be held that this omission is material, it was supplied by proof from the assessment roll and the plat, both of which the instrument points to, and by this the description is made certain.

To meet the deficiency of description in the deed and official list, which was not objected to, the chancery clerk, the assessment roll and the plat were introduced and by this witness.   From the roll and the plat, it was proved without dispute that the land was west one-half of lot 8, less the strip, block one, D. E. McInnis Survey in section

141 Miss.—33.

22, township 4, north range 13, Forrest county, Mississippi,'' and it was also proved that the land was a little farm about half a mile south of the corporate limits of Hattiesburg.

Whatever may once have been the law with reference to aiding descriptions in tax deeds in this manner, it has been set at rest by section 4285, Code 1906. This statute has been construed in *Reed* v. *Hear,* 97 Miss. 743, 53 So. 400; *Standard Drug Co.* v. *Pierce,* 111 Miss. 350, 71 So. 577.

The judgment of the lower court ought to be reversed and a judgment entered here for appellant.

*Anderson & Anderson,* for appellee.

If the appellant stands strictly on his patent to urban and city land, he runs squarely into the case of *Huber* v. *Freret et al.,* 103 So. 3. On the other hand, if appellant stands upon the position that it is country land and that the land commissioner could give a valid patent, in that event he runs straight into the fixed principles of law, which require this rural land to be described by established governmental surveys and meets and bounds. We submit that that is amply raised in the defendant's objection to the introduction of the patent.

This ignorant old negro should not be deprived of his home and a lifetime saving upon a mere pretense, when it is clearly shown that this patent violates the law as laid down by the supreme court. The case should be affirmed.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, Mrs. Kate Russell, brought this action of ejectment against the appellee, John Franklin, for a certain parcel of land described in a deed from the state land commissioner to Mrs. Russell as follows:

"West one-half of lot 8, less a seven-foot strip across the south end, block One, D. E. McInnis Sur. Hattiesburg of section —, town —, range —, county of Forrest.''

At the trial, the plaintiff attempted to aid the description in the deed by showing that the land involved was situated outside of the city of Hattiesburg and in the McInnis survey. The lower court held that the patent from the state land commissioner was void, because it was indefinite and failed to describe the land involved. The patent purported to convey a lot in Hattiesburg, which appeared to be in fact outside of the corporate limits of Hattiesburg. From this judgment, the appeal is prosecuted here.

We think the holding of the court below was correct. The description in the deed is indefinite, and it does not point with certainty to any clue, which, if followed up by parol testimony, would lead to the definite identification of the land involved as lying in Hattiesburg. The conveyance here seems to show that the lot is located in the corporation of Hattiesburg, but the proof offered by the plaintiff in ejectment shows that the land involved in this ejectment suit does not lie in the corporate limits of Hattiesburg, but is outside of the city.

The judgment of the lower court is affirmed.

*Affirmed.*